UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON L BIGBEE, | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) No. 1:17-cv-02506-LJM-DML<br>) |
| MARION COUNTY JAIL II COMMANDER, | )<br>) |
| Respondent. | ) |

**Entry Dismissing Filing Fee and Habeas Petition and Denying Certificate of Appealability**

**I. Filing Fee**

The petitioner shall have **through August 31, 2017,** in which to either pay the Five Dollar ($5.00) filing fee or demonstrate his financial inability to pay it.

**II. Habeas Petition**

Petitioner Leon L. Bigbee is a pretrial detainee confined at the Marion County Jail II. He is a defendant in a criminal prosecution in Marion Superior Court under case number 49G01-1703-F5-008405 ("the pending case"). That case has been consolidated with other pending charges in 49G01-1701-F5-002203. Mr. Bigbee brings this habeas petition alleging that he was never finger printed or processed in a timely manner. He further alleges that he is being detained without being processed properly, which he alleges constitutes wrongful imprisonment in violation of the Eighth Amendment. He seeks injunctive relief in the form of the dismissal of the charges and monetary damages.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). As explained in this Entry, this is an appropriate case for such a disposition.

As noted, Mr. Bigbee is still at the pretrial stage of the state prosecution. Pre-judgment habeas relief is available under 28 U.S.C. § 2241(c)(3). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran,* 328 Fed.Appx. 334, 335 (7th Cir. May 7, 2009).

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971). "[F]ederal courts must abstain from enjoining ongoing or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exception circumstances exist which would make abstention inappropriate." *Stroman Reality, Inc. v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary

circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma,* 401 U.S. 82, 85 (1971).

Public records reveal that on March 3, 2017, probable cause was found on several charges brought against Mr. Bigbee in the pending case. A public defender was appointed and a pretrial conference was conducted on April 11, 2017. A jury trial was set for April 19, 2017, and then rescheduled for June 14, 2017. Counsel's motion to withdraw appearance was granted on April 18, 2017, and a final pretrial conference was conducted on June 6, 2017. Mr. Bigbee filed a motion for continuance, which was granted. Mr. Bigbee is currently represented by retained counsel. Another pretrial conference is now set for August 8, and jury trial is set for August 16, 2017. There is nothing about Mr. Bigbee's allegations that suggests the existence of extraordinary circumstances under which the normal state process will be inadequate to vindicate his federally secured rights in the pending case. And, of course, damages are not available in an action for habeas relief.

Accordingly, the action is summarily dismissed because the habeas petition shows on its face that the petitioner is not entitled to the relief he seeks. The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

### III. Certificate of Appealability

The petitioner is detained pursuant to a judicial rather than an executive order. Accordingly, the Court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009). Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the Court finds that the petitioner has failed to show that

reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." *Evans,* 569 F.3d at 667 (citing cases). The Court therefore **denies** a certificate of appealability.

The **clerk shall update** the docket to reflect Mr. Bigbee's address at the Marion County Jail II, and the respondent as the Jail Commander of Marion County Jail II.

**IT IS SO ORDERED.**

Date:  8/1/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LEON L BIGBEE
665377
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**